UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMIE J. MCGEE,

    Plaintiff,

  v.

Case No. 19-cv-707-pp

MILWAUKEE COUNTY, *et al.*,

    Defendants.

---

**ORDER GRANTING DEFENDANT ARMOR CORRECTIONAL'S UNOPPOSED CIVIL L.R. 7(H) EXPEDITED, NON-DISPOSITIVE MOTION TO EXTEND THE DEADLINE TO FILE A REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. NO. 77) AND SUSPENDING ALL DEADLINES UNTIL THE COURT CAN ISSUE ITS SCREENING ORDER**

---

    This case is in a procedural tangle, entirely attributable to the court. The plaintiff filed his complaint almost a year ago, on May 13, 2019. Dkt. No. 1. According to the Wisconsin Department of Corrections inmate locator web site, on that day, the plaintiff was incarcerated at the Racine Correctional Institution. https://appsdoc.wi.gov.lop/detail.do (last visited April 14, 2020). Unusually for an incarcerated plaintiff, he was represented by counsel.

    The Prison Litigation Reform Act, 28 U.S.C. §1915A(a) requires a federal court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The statute requires the court to identify cognizable claims or to dismiss the complaint, or any part of it, if the complaint is frivolous, malicious, or fails to state a claim, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

1

The defendant was "incarcerated or detained in any facility" as a result of being "accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program" on the day he filed his complaint. 28 U.S.C. §1915A(c). Under the statute, then, the court is required to review, or "screen," his complaint, even though he is represented by counsel *and* even though he was released from custody to supervision three days later, on May 16, 2019. https://appsdoc.wi.gov.lop/detail.do (last visited April 14, 2020).

Before the court had a chance to screen the complaint, however, the plaintiff asked the clerk's office to issue summonses, which it did. Dkt. No. 5; clerk's docket entry of June 5, 2019. While the court's law clerk realized that a screening order was needed and provided the court with a draft for review, the court missed both the fact that it needed to screen the complaint and the draft. Consequently, the parties have proceeded apace. Armor filed an answer. Dkt. No. 7. Other defendants waived service. The court extended the time to effectuate service. Dkt. No. 13. In October 2019, several of the defendants filed motions to dismiss. Dkt. Nos. 47 (defendants Bruna, DeWitt, Gray, Quandt); 55 (defendant Horton); 58 (Andrykowski, Artus, Borucki, Briggs, Brito, Carroll, Clarke, Evans, Gold, Grove, Hannah, Haw, Hurley, Johnson, Johnson, Legere, Majeed, Mikulecky, Milwaukee County, Montano, Pachmeyer, Schmidt, Solomon, Turner and Zetting). Those motions are briefed.

On March 6, 2020, Armor filed a motion for judgment on the pleadings. Dkt. No. 72. The plaintiff filed a response on March 27, 2020. Dkt. No. 75. That made the due date for Armor's reply April 10, 2020. Armor now has filed this Rule 7(h) expedited, non-dispositive motion asking for an extension of time to

file its reply, given the logistical and other challenges caused by the COVID-19 health crisis. Dkt. No. 77.

Armor's request is more than reasonable and is unopposed. The court will grant it, but not in the way Armor suggests. The court will suspend all deadlines in the case until it has issued its screening order. The screening order may address some of the issues the defendants have raised in their pending motions. To the extent that the screening order does not address issues the defendants have raised, they may renew their motions as to those issues.

The court extends its apologies to all the parties for its error; the failure to timely issue the screening order—which would have prevented some of this procedural muddle—lies entirely with Judge Pepper.

The court **ORDERS** that defendant Armor's Rule 7(h) expedited, non-dispositive motion to extend the deadline for filing its reply is **GRANTED**. Dkt. No. 77.

The court **ORDERS** that all deadlines are **SUSPENDED** until the court issues its screening order, which it hopes to do as quickly as possible.

Dated in Milwaukee, Wisconsin this 14th day of April, 2020.

                                **BY THE COURT:**

                                **HON. PAMELA PEPPER**
                                **Chief United States District Judge**