UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────────

JAMIE J. MCGEE,

        Plaintiff,

   v.                                     Case No. 19-cv-0707-bhl

MILWAUKEE COUNTY, et al.,

        Defendants.

─────────────────────────────────────────────────

## ORDER

─────────────────────────────────────────────────

      On May 13, 2019, Jamie J. McGee filed a complaint against 31 specifically identified individuals and entities, plus another 20 unidentified "John Doe" defendants, alleging violations of his rights while he was a pre-trial detainee and inmate in the Milwaukee County Jail. Because McGee was incarcerated at the time of filing, the Prison Reform Litigation Act required the Court to screen his complaint and, on July 30, 2020, the Court entered a screening order, dismissing most of McGee's claims against most of the defendants. (ECF No. 79.) By the time of the screening order, several defendants had already filed motions to dismiss. (ECF No. 47, 55, 58.) Accordingly, in the screening order, the Court denied the pending motions without prejudice and gave the remaining defendants until August 21, 2020 to renew their motions. (ECF No. 79 at 25-26.) Those defendants have now timely filed a Second Motion to Partially Dismiss Plaintiff's Complaint. (ECF. No. 80.) This order resolves their renewed or "Second" motion to dismiss.

### STANDARD OF REVIEW

      A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires a plaintiff to clear two hurdles. First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds on which it rests. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Second, the allegations in the complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." *Id.* at 776

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). When considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

## ANALYSIS

### A. McGee's Remaining Claims After the Court's Screening Order

In his complaint, McGee alleged a scattershot array of claims based on asserted violations of his "Due Process, Eighth and Fourteenth Amendment rights," the Americans with Disabilities Act (ADA), and Wisconsin state law. At screening, the Court rejected most of McGee's claims and dismissed his claims against the majority of the defendants, including all claims against the John Doe defendants and all claims against 21 of the named defendants. In the end, the Court's screening order allowed McGee to proceed on four claims: 1) a conditions-of-confinement claim under the Fourteenth Amendment against Montano, Brito, and Borucki (under a theory of supervisor liability) for depriving McGee of bedding and water after McGee was moved to Cell 20; 2) a Fourteenth Amendment due process claim against Montano for ordering the deprivation of bedding and turning off the water upon moving McGee to Cell 20; 3) a conditions-of-confinement claim under a theory of supervisor liability against Clarke, Schmidt, Evans, Andrykowski, Haw, Montano, Borucki, and Briggs for the policy of denying water to inmates as a punitive measure; and 4) a *Monell* claim against Milwaukee County for the widespread practice or custom of punitively denying water, food, and bedding to inmates.

### B. Defendants' Motion to Dismiss

Defendants now move to dismiss portions of the remaining claims on three different theories. First, defendants argue the Court should dismiss McGee's Fourteenth Amendment Due Process claim against Montano. Second, defendants contend the Court should dismiss all of McGee's claims, (including the conditions-of-confinement, supervisory liability, and *Monell* claims) to the extent those claims concern the provision of nutraloaf. Third, defendants argue the Court should dismiss any supervisor liability claims against Andrykowski, Haw, and Briggs based on the asserted policy of depriving water as punishment.

At the outset, the defendants argue that McGee failed to allege that Andrykowski supervised McGee's housing unit where the relevant incidents took place. (ECF No. 81 at 8.) McGee does not object to dismissing the supervisor liability claim against Andrykowski. (ECF

No. 83 at 1-2). Accordingly, that claim, which is the only one alleged against Andrykowski, is dismissed.

### 1. Fourteenth Amendment Due Process Claim Against Montano

Defendants argue that McGee's due process claim against Montano should be dismissed because inmates do not have a constitutional right to particular housing assignments. They explain that McGee's claim is premised on Montano's decision to move McGee from his initial cell in discipline status to Cell 20 after he covered up his window in violation of the housing unit rules, but that McGee does not allege that his conditions worsened after the move. (ECF No. 81 at 5.)

Defendants' argument misunderstands the Court's screening order. The Court did not allow McGee to proceed on a due process claim based simply on his having been moved to Cell 20. Rather, the Court allowed McGee to proceed on a due process claim that Montano ordered McGee's bedding to be removed and his water shut off as punishment, and he had no notice or opportunity to be heard on the deprivation of bedding and water. (ECF No. 79 at 17.) In other words, the alleged due process violation was not the move to Cell 20 *per se*—indeed the Court acknowledged that McGee did not state in his complaint who ordered the move to Cell 20—but Montano's orders to deprive McGee bedding and water in connection with the move. (*Id.*) Moving from one cell to another where the water was intentionally shut off and bedding intentionally removed as punishment constitutes a disciplinary measure that "substantially worsens the conditions of confinement." *Miller v. Dobier*, 634 F.3d 412, 414-415 (7th Cir. 2011). At this stage in the case, McGee sufficiently alleges a due process violation with regards to Montano's orders to shut off his water and remove his bedding upon moving into Cell 20. The Court therefore denies defendants' motion to dismiss with respect to the Fourteenth Amendment Due Process claim against Montano.

### 2. Conditions-of-Confinement Claims as They Relate to Nutraloaf

Defendants next argue that McGee's conditions-of-confinement claims—and the supervisor liability claims and *Monell* claim against Milwaukee County stemming from these conditions-of-confinement claims—should not include any allegations related to being fed nutraloaf. The Court determined at screening that because McGee has alleged that he was deprived bedding and water, he could proceed on a conditions-of-confinement claim. (ECF No. 79 at 15.) The court also noted that McGee alleged the deprivation of water rendered him unable to consume the food he was provided, nutraloaf. (*Id.* at 7.) The defendants argue that he fails to state a claim

only as it pertains to the nutraloaf portion because he does not allege that he was fed nutraloaf as punishment. Where conditions of confinement are "not individually serious enough to work constitutional violations, [they] may violate the Constitution in combination when they have 'a mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd v. Motley,* 711 F.3d 840, 842-43 (7th Cir. 2013) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). McGee alleges that the deprivation of water rendered him unable to eat, thus alleging that deprivation of water working in combination with being provided nutraloaf deprived him of the identifiable human need to eat. At this stage in the litigation, McGee sufficiently states a claim where the allegations related to being fed nutraloaf inform the seriousness of the impact of the water deprivation. Parsing out the allegations related to nutraloaf would be to omit allegations of the harm the alleged water deprivation caused. The Court will not dismiss the conditions-of-confinement-claim, supervisor liability claims, and *Monell* claim as they pertain to nutraloaf.

### 3. Supervisor Liability Claims Against Haw and Briggs

Finally, defendants argue that the supervisor liability claims against Haw and Briggs should be dismissed because McGee failed to allege that Haw and Briggs turned a blind eye to the alleged constitutional violations. (ECF No. 81 at 8-9.) Defendants contend that McGee's admission that an unnamed subordinate restored hot water to McGee's cell, *under Haw's watch*, eliminated any potential constitutional violation against Haw. (*Id.* at 8.) They further argue that Briggs's discipline of McGee was for falsely claiming to be suicidal *after* his hot water was restored, eliminating any causal connection between Brigg's action and the conditions-of-confinement claim. (*Id.* at 9.)

At screening, the Court concluded that McGee had adequately alleged that Haw and Briggs knew about the jail's practice of denying water to inmates as a punitive measure and knew it had happened in McGee's case. (ECF No. 79 at 19.) While it is true that McGee also alleged that his hot water was restored during Haw's and Briggs' shift, his allegations still suggest some overlap where both may have known McGee had been deprived water and bedding as punishment pursuant to policy. It may be that after the discovery phase, it comes to light that Haw and Briggs were not aware of an alleged constitutional violation, but McGee's complaint, on its face, states that they knew about the policy of deprivation. Moreover, McGee also alleges that he was deprived of drinkable water under Haw's and Briggs' watch, because of an alleged medical condition that made the hot water undrinkable. At this stage, McGee has adequately alleged a potential

constitutional violation during Haw's and Briggs' shifts, and he has thus stated a claim against them. The Court will not dismiss the supervisor liability claims against Haw and Briggs.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the defendants' Second Motion to Partially Dismiss Plaintiff's Complaint (ECF No. 80) is **GRANTED in part** and **DENIED in part**. The Court **GRANTS** the motion to dismiss as it relates to Jeffery Andrykowski and **DISMISSES** him from the case. The Court **DENIES** the remainder of the motion.

Dated at Milwaukee, Wisconsin this 22nd day of December, 2020.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge